## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BENITO BOWIE, JR., | ) | |
|                        Plaintiff, | ) | |
| v. | ) | Case No. CIV-07-886-C |
| | ) | |
| LT. WARD, and OFFICER BROCHARD,[1] | ) | |
| | ) | |
|                        Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff, a state pretrial detainee appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Pursuant to 28 U.S.C. § 1915A, the Complaint has been examined. Defendant Rodney Ward has filed a Motion to Dismiss [Doc. #38]. A Special Report is attached to the motion.[2]

---

[1] This defendant is identified as "Officer Chris Bouchard" in the Special Report.

[2] The Special Report and the documents attached to it have not been considered in making the recommendations in this Report. Therefore, despite the fact that documents outside the pleadings have been received, this Court declines to treat Defendant Ward's Motion to Dismiss as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(d). The Special Report is based entirely on records from the Oklahoma County Detention Center (OCDC) and the investigative report of a former OCDC employee, Frank Bone. Mr. Bone's report consists of his summation of interviews with Plaintiff, the Defendants, and two correctional officers who purportedly witnessed the incident that is the subject matter of the Complaint. Under Tenth Circuit precedent, a Special Report may be treated as an affidavit. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). In this case, however, Mr. Bone's account of the statements made by those he interviewed is hearsay and would not be admissible at trial. While at the summary judgment stage evidence need not be submitted in a form that would be admissible at trial, "[n]onetheless the content or substance of the evidence must be admissible." *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). Mr. Bone's testimony regarding statements made by those he interviewed would be hearsay and inadmissable at trial absent an exception to the evidentiary rule barring testimony consisting of hearsay. Moreover, the Court "is not authorized to accept the factual findings of the prison

(continued...)

Plaintiff has responded to the Motion to Dismiss. *See* Doc. #41.   It is recommended that the Motion to Dismiss filed by Defendant Ward be granted in part and denied in part.

Defendant Bouchard has not been served with process.  The claims against this Defendant have been examined, however, and, for the following reasons, it is recommended that Plaintiff's claims of deliberate indifference to Plaintiff's serious medical needs and his claim of racial discrimination against Defendant Bouchard be dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2)(B)(ii).  Plaintiff's excessive force claim, however, is not subject to *sua sponte* dismissal.  It is  recommended that Plaintiff be granted additional time to effect service on Defendant Bouchard.

## I.     **Background**

On June 15, 2007, Plaintiff was a pretrial detainee incarcerated in the Oklahoma County Detention Center (OCDC).  Plaintiff states that he and his cell mate were in cell 8-B-37, not the cell to which they were assigned.[3]   Plaintiff states that he had fallen asleep in the cell and that Defendant Bouchard awakened him from sleep late that night and demanded

---

[2](...continued)
investigation when the plaintiff has presented conflicting evidence." *Id.*  Plaintiff's Complaint is accompanied by a declaration made under penalty of perjury, *see* 28 U.S.C. § 1746, and therefore, may be treated as an affidavit.  *See Hall*, 935 F.2d at 1111.  Plaintiff has also attached copies of request to staff forms containing the accounts of other prisoners who claim to have witnessed the altercation between Plaintiff and the Defendants.  Plaintiff's verified statements in the Complaint alone, however, are sufficient to create factual disputes and preclude exclusive reliance on the factual determinations made in the Special Report.  *Compare Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (reversing district court's grant of summary judgment on prisoner's excessive force claim where district court relied on factual determinations made in Special Report but such factual allegations were disputed by verified statements of the prisoner set forth in the complaint).

[3]According to Plaintiff, he and his cell mate had been given permission to go to cell 8-B-37 by a correctional officer named Woodruff.

that he go to the "ball court." Plaintiff states that he grabbed his shirt, put on one shoe, and began walking down the hallway carrying the other shoe. Plaintiff states that Defendant Bouchard walked up behind him, put him in a choke hold for no apparent reason, and drew him backwards all the way to the floor. Defendant Bouchard sprayed pepper spray in Plaintiff's eyes and, according to Plaintiff, hit Plaintiff's head with the empty spray can. Plaintiff states that Defendant Ward arrived and began kicking Plaintiff in the head, side, and legs. Plaintiff states that the Defendants handcuffed him and pulled him to his feet, and then Defendant Bouchard rammed Plaintiff's head into a concrete support column. According to Plaintiff, both Defendants addressed him using racial epithets.

## II.     **Plaintiff's Claims**

In Count I, Plaintiff alleges that Defendants Bouchard and Ward violated his Eighth Amendment rights[4] by using excessive force and by failing to provide him with medical care after the altercation. In Count II, Plaintiff alleges that Defendants Bouchard and Ward violated his Fourteenth Amendment rights by discriminating against him based on race and social status.

---

[4] As noted above, Plaintiff was a pretrial detainee on June 15, 2007. Defendants have not challenged application of the Eighth Amendment as the basis for Plaintiff's excessive force claim. The Court, notes, however, that as a pretrial detainee, Plaintiff's claims arise actually under the Fourteenth Amendment's Due Process Clause. *See Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988) (pretrial detainees are protected from excessive force that amounts to punishment under the Due Process Clause of the Fourteenth Amendment). The same standards apply, however, whether the excessive force claim is brought pursuant to the Eighth Amendment or the Fourteenth Amendment. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) (the analysis employed to evaluate an excessive force claims, whether it arises under the Eighth or Fourteenth Amendment, is the same).

**III.     Defendant Ward's Motion to Dismiss**

Defendant Ward moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the basis that Plaintiff has failed to state a claim for which relief may be granted. On the same basis, he contends that he is entitled to qualified immunity.

**A.     Standard of Review**

In determining whether dismissal of a *pro se* complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff. Dismissal is proper if, taking those facts as true, the plaintiff has failed to present a plausible right to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 127 S.Ct. at 1965). Where, as here, the litigant appears *pro se*, the Court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

**B.     Excessive Force Claim**

The "core judicial inquiry" in a case involving a prisoner's allegation that prison guards used excessive force in violation of the Constitution's prohibition against the unnecessary and wanton infliction of pain is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320-321 (1986).

To determine whether the use of force "could plausibly have been thought necessary" or instead was "wanton and unnecessary" the Court may consider such factors as: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officers on the basis of facts known to them; and (4) any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 320-321. In addition, the extent of injury suffered by the inmate is a factor to consider, but "[t]he absence of serious injury. . . does not end [the Eighth Amendment inquiry]." *Hudson*, 503 U.S. at 8. Excessive force resulting in "bruises, swelling, loosened teeth, and a cracked dental plate, are not *de minimis* for Eighth Amendment purposes." *Id*. at 10. With respect to the injury requirement, the Tenth Circuit has held:

> [T]he degree of injury may be highly relevant to the determination of the unreasonableness of the force used. But we decline to adopt a rule today, which we believe would be inconsistent with *Hudson*, that permits an officer to beat an inmate so long as the resulting injuries are neither permanent nor require medical attention.

*United States v. LaVallee*, 439 F.3d 670, 688 (10th Cir. 2006).

When Plaintiff's well-pleaded factual allegations are taken as true and viewed in the light most favorable to him, both the need for the application of force and the extent of the threat to safety of staff and inmates are questionable. According to Plaintiff, he was not resisting the officers or refusing to comply with orders when they grabbed him from behind and began and continued to assault him. As to the injuries suffered by Plaintiff, at a minimum he suffered a cut and the effects of pepper spray in his eyes. In his Response,

Plaintiff contends that he suffered trauma to his head that has "disabled him from making rational decisions pertaining to his health care" and that he has suffered memory loss. Response at 9. He further states that the "small cuts" have become permanent handcuff scars and that he has never regained full function of his hands. Response at 9-10.

The Court recognizes that not "every malevolent touch by a prison guard gives rise to a federal cause of action" and not "every push or shove, even if it later may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson*, 503 U.S. at 9. Here, however, Plaintiff's allegations show more than a push or shove. The evidence, viewed in the light most favorable to Plaintiff, does not rule out an inference of wantonness in the infliction of pain. Plaintiff's excessive force claim is not subject to dismissal for failure to state a claim upon which relief may be granted.

  C. **<u>Qualified Immunity on Excessive Force Claim</u>**

Defendant Ward contends he is entitled to qualified immunity. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation" when the challenged behavior does not violate clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an immunity from suit rather than a mere defense to liability and "is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526. Recently, in *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 1774 (2007), the United States Supreme Court revisited the proper analysis to be undertaken once the defense of qualified immunity is raised:

>   In resolving questions of qualified immunity, courts are required to resolve a "threshold question:  Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?  This must be the initial inquiry." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  If, and only if, the court finds a violation of a constitutional right, "the next, sequential step is to ask whether the right was clearly established . . . in light of the specific context of the case."  *Ibid.*  Although this ordering contradicts "[o]ur policy of avoiding unnecessary adjudication of constitutional issues," *United States v. Treasury Employees*, 513 U.S. 454, 478 (1995) (*citing Ashwander v. TVA*, 297 U.S. 388, 346-347 (1936) (Brandeis, J., concurring)), we have said that such a departure from practice is "necessary to set forth principles which will become the basis for a [future] holding that a right is clearly established."  *Saucier*, *supra*, at 201.

*Scott*, 127 S.Ct. at 1774.  When considering the defense of qualified immunity, "courts are required to view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the . . . motion,'" and, as here, "this usually means adopting . . . the plaintiff's version of the facts."  *Id*. at 1774-1775.

Based on the analysis of Plaintiff's excessive force claim set forth above, Plaintiff has met his burden of establishing the first element required to defeat the qualified immunity defense.  Taking the facts in the light most favorable to Plaintiff and drawing all reasonable inferences therefrom, Plaintiff has shown conduct that would violate his constitutional right to be free from excessive force.

With respect to the second part of the inquiry, the law governing excessive force claims was clearly established in June 2007:  prison officials cannot inflict injury where they act, not in a good faith effort to maintain and restore discipline, but maliciously and sadistically for the very purpose of causing harm.  *See Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986).

## D. Plaintiff's Medical Claim

The Eighth Amendment creates an obligation on the part of prison officials to provide adequate health care to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To establish an Eighth Amendment violation based on inadequate medical care, a prisoner must satisfy "both an objective component and a subjective component." *Mata v. Saiz*, 427 F. 3d 745, 751 (10th Cir. 2005) (internal quotation marks omitted). The objective component is that "the alleged harm . . . [was] sufficiently serious." *Id.* at 753. The subjective prong of the deliberate indifference test requires the plaintiff to present evidence of the defendant's culpable state of mind. The subjective component is satisfied if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prisoner must also prove that the acts performed with the culpable state of mind caused substantial harm. *See Mata*, 427 F.3d at 745. "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id.* at 751 (internal quotation marks omitted).

As the Tenth Circuit has explained:

> Eighth Amendment claims alleging inadequate or delayed medical care thus involve both an objective and a subjective component, such that we must determine both whether the deprivation is sufficiently serious and whether the [government] official acted with a sufficiently culpable state of mind.
>
> . . .

> Accordingly, for [a prisoner] to properly set forth an Eighth Amendment claim on which relief may be granted, he must set forth facts demonstrating that his alleged medical need . . . was sufficiently serious to meet the objective element of the deliberate indifference test, and that the Defendants' [inadequate care or] delay in meeting that need caused him substantial harm[.]  Finally, to meet the subjective element of the deliberate indifference test, he must allege facts supporting an inference that Defendants knew about and disregarded a substantial risk of harm to his health or safety.

*Oxendine v. Kaplan*, 241 F.3d 1272, 1276-77 (10th Cir. 2001) (quotations and footnote omitted; first alteration in original).

In his Complaint, Plaintiff's claim of inadequate medical care is based on his contention that he was not taken to the medical unit after the altercation with Defendants. Defendant Ward contends that Plaintiff was taken to the medical unit shortly after the altercation and was then allowed to shower and change into clean clothes. Motion to Dismiss at 4. In his Response, Plaintiff states that he does not remember being taken to the medical unit. He attributes his faulty memory to his having been stunned when Defendant Bouchard rammed his head into a concrete support column. Response at 7. As discussed above, Plaintiff also states in his Response that he suffered serious and permanent injury from the assault. *See* discussion *supra* at 6. Plaintiff does not, however, dispute Defendant Ward's statement that Plaintiff did receive medical care shortly after the altercation. Plaintiff states only that he does not remember receiving medical care. Moreover, the serious and permanent injury Plaintiff allegedly suffered is attributable to the Defendants' use of excessive force. Plaintiff does not attribute his serious and permanent injuries to the lack of medical care. Accordingly, Plaintiff has failed to state a claim upon which relief may be

granted as to his claim that Defendants were deliberately indifferent to his serious medical needs.

### E. Plaintiff's Claim of Racial Discrimination

Plaintiff contends that Defendants Ward and Bouchard discriminated against him on the basis of his race. Plaintiff alleges that both defendants used racial epithets during the course of the altercation, and the use of such language is apparently the only basis of his claim in Count II. The racial epithets allegedly used by Defendants could support a conclusion that Defendants' behavior "falls in the category of malicious and sadistic rather than a good faith effort to maintain or restore discipline." *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Verbally abusing an inmate by using racial epithets, though offensive and inexcusable, does not, however, amount to a separate constitutional violation. *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (acts or omissions resulting in an inmate's being subjected to nothing more than threats and verbal taunts do not state a constitutional violation under 42 U.S.C. § 1983). Plaintiff has failed to state a claim upon which relief may be granted in Count II, and this claim should be dismissed.

### IV. Claims Against Defendant Bouchard

When a prisoner is proceeding *in forma pauperis* under 28 U.S.C. § 1915, a district court may dismiss the prisoner's civil rights action *sua sponte* at any time for failure to state a claim "if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S.199, 215 (2007). This Court assumes the truth of well-pleaded factual allegations, viewing them in the light most favorable to the plaintiff. *See Ridge at Red Hawk,*

*L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). A court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this plaintiff* has a reasonable likelihood of mustering factual support for these claims." *Id.* (emphasis in original).

For the reasons set forth above, Plaintiff's claims against Defendant Bouchard regarding the medical care he received and his claim of racial discrimination should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has, however, stated an excessive force claim against Defendant Bouchard. Defendant Bouchard has not been served with process, however, and the time to do so, as set forth in Fed.R.Civ.P. 4(m), has expired. An employee of the United States Marshal Service attempted to serve Defendant Bouchard on August 23, 2007, at the Oklahoma County Sheriff's Office. The employee learned that Defendant Bouchard no longer works for the Oklahoma County Sheriff's Office. The Marshal Service procured Defendant Bouchard's home address and attempted to serve Defendant Bouchard on August 30, 2007, and again on September 13, 2007. *See* Doc. #17. The summons was returned unexecuted.

Plaintiff requested new summonses, and the United States Marshal Service again attempted to serve Defendant Bouchard on April 29, 2008, and on May 2, 2008. The "Remarks" section of the Process Receipt and Return form indicates that on the latter date,

the residence was vacant, and the owner did not know Defendant Bouchard. The summons was again returned unexecuted.

When a defendant has not been served within 120 days after a complaint is filed, Rule 4(m) allows a court to order that service be made within a specified period of time. Because Plaintiff's claim of excessive force against Defendant Bouchard is not subject to dismissal upon screening for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2), it is recommended that Plaintiff be granted additional time to effect service on Defendant Bouchard.

## **RECOMMENDATION**

It is recommended that Defendant Ward's Motion to Dismiss be granted as to Plaintiff's medical claim and claim of racial discrimination but denied as to Plaintiff's claim of excessive force. It is further recommended that Plaintiff's medical claim and claim of racial discrimination be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendant Bouchard. Finally, it is recommended that Plaintiff be given additional time to serve Defendant Bouchard.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by December __15th__, 2008. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  25th  day of November, 2008.

*/s/ Valerie K. Couch*
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE